### THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ELITE DISASTER TEAM, INC.**

      **Plaintiff,**                                    **Case No.:  8:26-cv-1975**

**v.**

**KUSTOM US, INC.**

      **Defendant.**

_____/

### COMPLAINT

COMES NOW Plaintiff Elite Disaster Team, Inc., a corporation, by and through its attorneys, Gordon & Rees Scully Mansukhani, LLP, and in support of its Complaint against Defendant Kustom US, Inc., states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Elite Disaster Team, Inc. ("Elite") is a corporation, organized and existing under the laws of the State of California, with its principal place of business at 38909 Barrington St, Palmdale, CA 93551.  Elite is a citizen of the State of California.

2. Defendant Kustom US, Inc. ("Defendant") is a corporation, organized and existing under the laws of the State of Florida, with its principal place of

business located at 640 East State Road 434, Suite 1000, Longwood, FL 32750. Defendant is a citizen of the State of Florida.

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the fact that Elite and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(1) in that Defendant's principal place of business is located in this district.

5.      Defendant is subject to jurisdiction in this Court for the claims asserted herein in that Defendant has an office for transacting it customary business at 6186 126th Avenue N, Tampa FL 33773, and the causes of action asserted herein accrued in this district.

## STATEMENT OF FACTS

6.      On or about March 17, 2022, Eliteand Defendant executed a Master Subcontract Agreement ("MSA"). *A true and accurate copy of the Master Subcontract Agreement is attached hereto as Exhibit A.*

7.      The MSA provided that Elite would be paid for work performed under job-specific subcontracts, with payment terms of Net 30 days from invoice approval.

8.      The MSA required Elite to submit invoices to Defendant's designated email address or mailing address and that Defendant would process check runs on the 10th and 25th of each month. Id.

9.      Between October 7, 2024 and October 28, 2024, Elite performed construction services for Defendant at Hickman's Family Farms in Tonopah, Arizona, under job number 24-02-31455 ("the Hickman Project").

10.     Elite also performed construction services for Defendant at the Viridian Apartments in Tampa, Florida under job number 24-02-31486 ("the Viridian Project").

11.     Elite submitted invoices to Defendant for work performed on the Hickman Project, in the aggregate amount of $173,232,00.  *A true and accurate copy of the Hickman Project invoices are attached hereto as Group Exhibit B.*

12.     On or about October 28, 2024, Elite completed the Hickman project despite non-payment.

13.     Elite likewise submitted invoices to Defendant for work performed on the Viridian Project, in the aggregate amount of $885,707.74.  *A true and accurate copy of the Viridian Project invoices are attached hereto as Group Exhibit C.*

14.     Elite walked off the Viridian Project in December 2024, due to Kustom's ongoing non-payment.

15.     As of the filing of this Complaint, Defendant has failed to pay any of the invoices submitted by Elite for work performed on the Hickman Project and Viridian Project.

## COUNT I
## BREACH OF CONTRACT

16.     Elite repeats and incorporates the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

17.     A valid and enforceable contract exists between Elite and Defendant, as evidenced by the fully executed MSA.

18.     At all times pertinent to this dispute, Elite performed its obligations under MSA by providing construction labor and services to the Hickman Project and Viridian Project as requested by Defendant.

19.     Defendant breached the MSA by failing to pay Elite the amounts due for the work performed and invoiced on the Hickman Project and the Viridian Project.

20.     As a direct and proximate result of Defendant's breach, Elite has suffered damages in an amount in excess of $1,000,000 to be proven at trial.

WHEREFORE, Plaintiff Elite Disaster Team, Inc. respectfully requests that this Court enter an Order, entering judgment in favor of Elite Disaster Team, Inc. and against Defendant Kustom US, Inc. in an amount in excess of $1,000,000 to be proven at trial, award Plaintiff Elite Disaster Team, Inc. pre-judgment interest

under the Florida Prompt Payment Act, and post-judgment interest at the maximum allowable rate, award Elite Disaster Team, Inc. its reasonable attorneys fees and costs incurred as permitted by contract and/or appliable law, and award Elite Disaster Team, Inc. such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
## UNJUST ENRICHMENT
### (In the Alternative)

21.    Elite repeats and incorporates the allegations contained in paragraphs 1-5 and 9-13 above as if fully set forth herein.

22.    Elite conferred a benefit upon Defendant by providing construction labor and services for the Hickman Project and Viridian Project, for which Defendant has not paid.

23.    Defendant voluntarily accepted and retained the benefit of Elite's labor and services, as evidenced by the completion of the work and Defendant's receipt of the corresponding invoices and supporting documentation.

24.    It would be inequitable for Defendant to retain the benefit of Elite's labor and services without paying the reasonable value thereof, and Defendant's retention of this benefit without payment would result in unjust enrichment.

WHEREFORE, Plaintiff Elite Disaster Team, Inc. respectfully requests that this Court enter an Order, entering judgment in favor of Elite Disaster Team,

Inc. and against Defendant Kustom US, Inc. in an amount in excess of $1,000,000 to be proven at trial representing the reasonable value of the construction services provided by Elite, award Plaintiff Elite Disaster Team, Inc. pre-judgment interest and post-judgment interest at the maximum allowable rate, and award Elite Disaster Team, Inc. such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
## SUIT ON ACCOUNT

25.    Elite repeats and realleges the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

26.    Elite and Defendant had a business relationship whereby Elite provided labor and services to Defendant for the Hickman Project and Viridian Project, and Defendant agreed to pay Elite for those services.

27.    Elite rendered invoices to Defendant for the labor and services provided, which remain unpaid and constitute an open account.

28.    Despite demand, Defendant has failed and refused to pay the outstanding balance due and owing to Elite on the account, resulting in damages to Elite in an amount in excess of $1,000,000 to be proven at trial.

WHEREFORE, Plaintiff Elite Disaster Team, Inc. respectfully requests that this Court enter an Order, entering judgment in favor of Elite Disaster Team, Inc. on its count for Account Stated against Defendant Kustom US, Inc. in an amount

in excess of $1,000,000 to be proven at trial, awarding Plaintiff Elite Disaster Team, Inc. pre-judgment interest and post-judgment interest at the maximum allowable rate, award Elite Disaster Team, Inc. its reasonable attorneys fees and costs incurred as permitted by contract and/or appliable law, and award Elite Disaster Team, Inc. such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP


By:     */s/ M. Quinn Murphy*
        M. Quinn Murphy, Esq.
        Fla. Bar No.: 1039097
        Jaime Reitz, Esq.
        Fla. Bar No.: 1003684
        100 S. Ashley Drive, Ste. 1350
        Tampa, FL 33602
        (813) 444-9700
        qmurphy@grsm.com

        *Attorneys for Plaintiff Elite Restoration, Inc.*